IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MISAEL ORTIZ, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4398 |
| | : | |
| LIEUTENANT MEDINA, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

SÁNCHEZ, C.J.                                                             OCTOBER  , 2019

Plaintiff Misael Ortiz, a pretrial detainee incarcerated at the Curran-Fromhold Correctional Facility (CFCF) brings this civil action pursuant to 42 U.S.C. § 1983 alleging due process violations, excessive force, and supervisory liability. Ortiz seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ortiz leave to proceed *in forma pauperis* and dismiss his Complaint with the exception of his claims for excessive force against Officers Sullivan and Boone in their individual capacities and supervisory liability against Lieutenant Medina in her individual capacity.

I.  **FACTS**

The Complaint lodged by Ortiz raises constitutional claims pursuant to 42 U.S.C. § 1983 against Defendants Lieutenant Medina, Officer Mooney, Officer Sullivan, and Officer Boone in their official and individual capacities. Ortiz alleges that at the time of the incidents giving rise to his Complaint, Medina was a prison lieutenant, while Mooney, Sullivan, and Boone were correctional officers at CFCF. (ECF No. 2 at 2.)[1]

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

1

Ortiz avers that on September 1, 2019, Mooney "intentionally and maliciously deprived [him] of his required lunch tray without legal justification. (*Id.* at 4.) Ortiz alleges that in an attempt to obtain assistance from one of Mooney's supervisors regarding the delivery of his lunch tray, Ortiz began to flood his cell. (*Id.*) Ortiz contends that Mooney, Boone, and Sullivan opened his cell door without supervisory assistance and entered while Ortiz was not in any mechanical restraints. (*Id.*) Upon entering the cell, Boone began to punch Ortiz in the face and stomach, and Sullivan swung his "issued can of pepper spray at [Ortiz] . . . which connected with [Ortiz's] right side of his face, above his eye." (*Id.*) Ortiz further avers that while he "was on the cell floor with blood over his entire face, and in excruciating pain . . . Boone began to apply unnecessary and excessive pressure with his prison boots to the right side of [Ortiz's] face." (*Id.*) Once Ortiz was handcuffed with his arms behind his back, "Boone and Sullivan . . . dragged him through toilet water on his face until he was out of his cell." (*Id.*) Boone then threw Ortiz forward causing him to fall into a clothes bin resulting in additional pain and suffering. (*Id.*) As a result of this alleged excessive use of force, Ortiz avers that he suffered "a gash to his head and facial areas; scratches to his back; and a black and swollen eye." (*Id.* at 5.)

Ortiz contends that although Medina was notified of the incident, viewed photographs of his injuries, and reviewed video surveillance footage, she failed to correct the wrongful conduct of her subordinate officers. (*Id.*) Ortiz further asserts that Medina has knowledge, through prison protocol and procedure, of when and how excessive force is to be pursued, and knows that unless exigent circumstances exist, an officer has a duty to first contact his or her supervisor before opening any cell door. (*Id.*) Ortiz avers that Medina acquiesced and approved the wrongful conduct of her subordinate officers, and never reached out to him when conducting her investigation, thereby intending to cover-up the wrongful acts of Boone, Sullivan, and Mooney.

2

(*Id.*) Ortiz seeks an amount in excess of $250,000.00 against Boone, Sullivan, Mooney, and Medina for violating his due process rights, and for excessive use of force and supervisory liability. (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant Ortiz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Ortiz is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] However, as Ortiz is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

## A. Official Capacity Claims Against All Defendants

Ortiz's claims against all Defendants in their official capacity fail. Claims against City officials named in their official capacity are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

As Ortiz has not pled a basis for municipal liability, his official capacity claims fail. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must ... specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

4

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, No. 16-4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Here, nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, Ortiz has not stated a plausible basis for a claim against any municipal entity. The Court will, therefore, dismiss Ortiz's claims against all Defendants in their official capacity.

### B. Individual Capacity Claims Against Officer Mooney

The Court understands Ortiz to be bringing a claim against Mooney for depriving him of "his required lunch tray without legal justification." The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a

sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner or detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("' [T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

The United States Court of Appeals for the Third Circuit, in addressing a claim similar to the one raised by Ortiz, has concluded that the denial of one meal does not arise to the level of deliberate indifference sufficient to state a claim. *See Zanders v. Ferko*, 439 Fed.Appx. 158, 160 (3d Cir. 2011) (holding that denial of lunch on one day and the denial of breakfast and lunch the next day does not rise to the level of a constitutional violation). Ortiz's conclusory allegation with respect to the denial of one meal does not plausibly suggest that Mooney intended to punish him or that he consciously disregarded a serious risk to Ortiz's health. Accordingly, the Court will dismiss this claim against Mooney.

To the extent that Ortiz asserts an excessive force claim against Mooney, the Court notes that a plaintiff must allege that the defendant's use of force was unreasonable to state such a claim. *See Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations and

citation omitted). While Ortiz alleges that Mooney violated a policy in entering Ortiz's cell, and was present when Boone and Sullivan allegedly inflicted injury (ECF No. 2 at 4), there are no factual allegations in the Complaint demonstrating that Mooney imposed any amount of force on Ortiz. These allegations are insufficient to establish a plausible claim that Mooney used excessive force when interacting with Ortiz. Ortiz does not allege that he suffered any injuries as a result of any actions by Mooney, as opposed to the force used against him by Boone and Sullivan, which is discussed in the next section. Accordingly, as pled, the Complaint does not allege sufficient facts to suggest that Mooney used unreasonable force. In sum, Ortiz has not stated any plausible basis for a claim against Mooney. The Court will therefore dismiss his claims.

### C. Individual Capacity Claims Against Officers Sullivan and Boone

Ortiz will be permitted to proceed on his excessive force claims against Sullivan and Boone at this time. Here, Ortiz alleges that Boone punched him in the face and stomach, and Sullivan swung his "issued can of pepper spray at [Ortiz] . . . which connected with [Ortiz's] right side of his face, above his eye." (ECF No. 2 at 4.) Ortiz further avers that while he "was on the cell floor with blood over his entire face, and in excruciating pain . . . Boone began to apply unnecessary and excessive pressure with his prison boots to the right side of [his] face." (*Id.*) Ortiz also contends that while he was handcuffed with his arms behind his back, "Boone and Sullivan . . . dragged him through toilet water on his face until he was out of his cell," and then Boone threw him forward causing him to fall into a clothes bin which caused him additional pain and suffering. (*Id.*) Ortiz avers that he required medical attention and sustained "a gash to his head and facial areas; scratches to his back; and a black and swollen eye." (*Id.* at 5.)

7

Taking these allegations as true, Ortiz may proceed on his excessive force claims against Sullivan and Boone. *See Olick v. Pennsylvania*, 739 F. App'x 722, 725 (3d Cir. 2018) (per curiam) (allowing excessive force claim to proceed where "Olick alleged that Maracinni shoved him across the floor, causing an injury to his shoulder that required medical attention").

### D. Supervisory Liability Claim Against Lieutenant Medina

Ortiz will also be permitted to proceed on his supervisory liability claim against Medina at this time. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

In his Complaint, Ortiz asserts that Medina was made aware of the incident, and subsequently acquiesced in the conduct of Boone and Sullivan that resulted in him sustaining injuries. Ortiz further avers that Medina did not conduct a proper investigation into the incident so that she could cover up the wrongful acts of Boone and Sullivan. Taking these allegations as true, Ortiz may proceed on his supervisory liability claim against Medina at this time.

8

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ortiz leave to proceed *in forma pauperis* and dismiss his Complaint with the exception of his claims for excessive force against Officers Sullivan and Boone in their individual capacities and supervisory liability against Lieutenant Medina in his individual capacity. This dismissal will be without prejudice to Ortiz's right to file an amended complaint within thirty (30) days in the event he can allege facts to cure the defects of any of the dismissed claims discussed above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If Ortiz decides not to file an amended complaint, the Court will direct service on Lieutenant Medina, Officer Sullivan, and Officer Boone in their individual capacities only. The Court will defer service at this time pending Ortiz's decision to file an amended complaint. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SÁNCHEZ, C.J.