# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MISAEL ORTIZ,<br>    Plaintiff, | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 19-CV-4398** |
| LIEUTENANT MEDINA, *et al.*,<br>    Defendants. | : <br> : <br> : |

FILED
OCT 11 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 10th day of October, 2019, upon consideration of Plaintiff Misael Ortiz's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Misael Ortiz, #1088643, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Curran Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ortiz's inmate account; or (b) the average monthly balance in Ortiz's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Ortiz's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Ortiz's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court shall **SEND** a copy of this Order to the Warden of the Curran Fromhold Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. With the exception of Ortiz's claims for supervisory liability against Lieutenant Medina in her individual capacity and claims for excessive force against Officers Sullivan and Boone in their individual capacities, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons discussed in the Court's Memorandum.

6. Ortiz is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against Defendant Officer Mooney or a plausible claim for municipal liability. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Ortiz's claims against each defendant, and shall bear the title "Amended Complaint" and the caption 19-4398. If Ortiz files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Ortiz's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Ortiz should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. If Ortiz does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Lieutenant Medina, Officer Sullivan, and Officer Boone in their individual capacities only. Ortiz may also notify the Court that he seeks to proceed on these

2

claims rather than file an amended complaint. If he files such a notice, Ortiz is reminded to include the case number for this case, 19-4398.

          **BY THE COURT:**

          _/s/ Juan R. Sánchez_
          **JUAN R. SÁNCHEZ, C.J.**